UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

§
In re:                                                          §          Case No. 22-71912-AST
        Madeline Rivera,                              §          Chapter 13
                                        Debtor.        §
                                                                §
_____ §

## ORDER DENYING MOTION TO
## REINSTATE THE CASE

On November 8, 2022, the chapter 13 trustee filed a Motion to Dismiss the Case [dkt item 32]. On December 8, 2022, a hearing on the Motion to Dismiss the Case was held, at which Debtor did not appear. On January 9, 2023, the Court entered an Order Dismissing Case [dkt item 52], citing numerous statutory bases for dismissal including, among other things: Debtor's failure to file a plan that satisfied statutory requirement for length and creditor treatment; Debtor's failure to file a plan that was adequately funded to provide for full repayment to all secured creditors; Debtor's failure to commence plan payments; and Debtor's failure to provide disclosure documentation as required under E.D.N.Y. 2003-1.

Following the entry of the Order Dismissing Case, Debtor filed numerous documents and pleadings comprising hundreds of pages (the "Post-Dismissal Filings), principal among these being a Motion to Vacate the Order Dismissing Case [dkt item 55] (the "Motion to Vacate").

On February 16, 2023, the Court entered an Order [dkt item 69] denying the Motion to Vacate the Order Dismissing Case and dismissing as moot the Post-Dismissal Filings and all other pending matters and motions.

On February 28, 2023, Debtor filed a Motion to Reinstate Case/Restore Case on Docket (the "Motion to Reinstate") [dkt item 71], which merely regurgitates arguments previously advanced and rejected. The Motion to Reinstate, along with the accompanying exhibits, ran over

1

230 pages.

On March 13, 2023, the chapter 13 trustee filed an objection to the Motion to Reinstate [dkt item 77].

As it did with the Motion to Vacate, the Court treats the Motion to Reinstate as seeking relief under Federal Rule of Civil Procedure ("Rule") 59(e), which is made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023, *In re Flatbush Square, Inc.*, 508 B.R. 562, 568 (Bankr. E.D.N.Y. 2014), and is commonly cited as the procedural ground for vacating an order. Rule 59(e) permits a court to "alter or amend" a judgment—but does not enumerate specific grounds for such alternation or amendment. *See id.* Case law, however, provides guidance as to those grounds. The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotations and citation omitted). To satisfy the "clear error" threshold, relief is "appropriate only when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *In re Flatbush Square, Inc.*, 508 B.R. at 569 (quoting *Corines v. Am. Physicians Ins. Trust,* 769 F.Supp.2d 584, 593–594 (S.D.N.Y. 2011)). Further, reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

The Motion to Reinstate repeats allegations and legal theories previously presented by Debtor and rejected by this Court, and also makes various unsubstantiated and incoherent

allegations. It offers no controlling decisions that were overlooked in dismissal of the Case, and it identifies no change in controlling law. It points to no manifest error committed by the Court. It offers no new relevant, persuasive evidence that was not previously available to present. In short, nothing in the Motion to Reinstate credibly establishes that reinstatement is warranted or that vacatur is proper; the motion amounts to a collateral attack on the Court's prior dispositions on the issue of dismissal.

Debtor is certainly free to exercise any appellate rights. However, given Debtor's proclivity to simply regurgitate issues already decided, and in accordance with this Court's inherent power under Bankruptcy Code § 105(a) and its inherent authority to regulate its docket, Debtor is hereby **ENJOINED** for ninety (90) days from entry of this Order from filing any further pleadings or papers with this Court, unless Debtor first obtains leave of this Court to file any such pleadings or papers. Any request for leave of court must be accompanied by a demonstration of good cause and that any further requested relief has not already been sought and denied. *See In re Martin-Trigona*, 737 F.2d 1254, 1264 (2d Cir. 1984)(reviewing a filing limitation order and concluding that "[w]e believe this order protects private parties from vexatious appellate procedures without preventing [the subject party] from pursuing claims with possible merit*.*"); *see also Vassal v. FirstStorm Props. 2 LLC*, et al., 750 Fed. Appx. 50, 53 (2d Cir. 2018)(recognizing that a filing bar may be permissible provided that the barred party may seek leave of court to file under appropriate circumstances).

This 90-day filing bar ordered herein expressly does not limit Debtor from seeking appellate relief from any Order entered by this Court. Any violation of this Order may be treated as a contempt of court.

Accordingly, it is hereby:

**ORDERED,** that the Motion to Reinstate is **DENIED**; and it is further

**ORDERED**, that all other pending motions and matters in this Case, including the various other filings made Debtor since the filing of the Motion to Reinstate, to the degree that they seek relief or directives from the Court, are **DENIED;** and it is further

**ORDERED,** that, other than as to seeing appellate relief from any Order of this Court, Debtor is hereby enjoined for ninety (90) days from entry of this Order from filing any further pleadings or papers with this Court, unless she first obtains leave of this Court to file any such pleadings or papers upon a demonstration of good cause and that any requested relief has not already been sought and denied.



Dated: March 16, 2023
      Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge

4